Rehearing granted, November 18, 2002

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 01-7937

JAIME RODRIGUEZ,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-92-36, CA-99-477-3-MU)

Submitted: June 7, 2002

Decided: June 25, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Jaime Rodriguez, Appellant Pro Se. Kenneth Davis Bell, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In July 1992, Jaime Rodriguez was indicted for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2001). Rodriguez pled not guilty to the offenses and proceeded to trial. The jury found Rodriguez guilty of conspiracy to possess cocaine powder with the intent to distribute. The district court sentenced Rodriguez to 262 months imprisonment and five years supervised release.

Rodriguez appealed his conviction and sentence to this court. He contended that the district court erred when it admitted evidence of his prior bad acts and deprived him of his right to a speedy trial; in addition, Rodriguez claimed that the evidence was insufficient to support his conviction. In an unpublished opinion, we rejected all of Rodriguez's arguments and affirmed his conviction and sentence. *United States v. Rodriguez*, 1998 WL 390947, No. 95-5584 (4th Cir. June 29, 1998) (unpublished).

In November 1999, Rodriguez moved to vacate his sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). He reiterated the issues raised in his direct appeal, adding ineffective assistance of counsel and perjury to his list of claims. The district court denied this motion without a hearing. On appeal, Rodriguez narrows his claims to the following: (1) his conviction was based upon a defective indictment; (2) he received ineffective assistance of counsel; (3) the district court erred when it found that, even if defense counsel's performance fell below an objective standard of reasonableness, there was no prejudice; and (4) his conviction was based on perjured testimony, and the district court failed to address this claim.

First, Rodriguez claims that the district court sentenced him to an offense not charged in the indictment. Specifically, he alleges that he was neither charged nor convicted for a violation under 21 U.S.C.A. § 841(a)(1), but received a sentence under that statute. However, the record belies this claim. The indictment charged Rodriguez with violating both 21 U.S.C.A. § 841(a)(1) and 21 U.S.C.A. § 846. The jury found Rodriguez guilty of conspiracy, 21 U.S.C.A. § 846, and the dis-

trict court correctly calculated his sentence pursuant to that statute, which incorporates by reference the penalty provisions of § 841. Moreover, claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are not cognizable on collateral review. *United States v. Sanders*, 247 F.3d 139, 146-51 (4th Cir.), *cert. denied*, ___ U.S. ___, 122 S. Ct. 573 (2000). Therefore, this claim is without merit.

Next, Rodriguez broadly contends that his counsel failed to present any defense. In order for Rodriguez to succeed on this claim, he must show "(1) that counsel's representation 'fell below an objective standard of reasonableness' and (2) that counsel's deficient performance prejudiced [him]." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). We are highly deferential to counsel's strategic decisions and will not allow hindsight to influence our assessment of counsel's performance. *Strickland v. Washington*, 466 U.S. at 689.

The district court exhaustively reviewed the record and found that Rodriguez's claims lacked any factual support. At trial, defense counsel argued that the Government could not prove Rodriguez's involvement in a conspiracy beyond a reasonable doubt; therefore, counsel's strategy was to challenge the credibility of the Government's case through pretrial evidentiary motions and intense cross-examination of witnesses. That the jury ultimately was not persuaded by this strategy does not suggest that counsel was ineffective. We accordingly find no reason to disagree with the district court's thorough analysis of this claim.

Rodriguez further alleges that his counsel failed to raise on appeal the issues he brings before this court. A review of Rodriguez's direct appeal belies this claim. Defense counsel raised numerous issues on appeal, ranging from insufficiency of the evidence to the deprivation of Rodriguez's right to a speedy trial. *United States v. Rodriguez*, 155 F.3d 563 (4th Cir. 1998). The only issue omitted by defense counsel (the allegedly defective indictment) that Rodriguez has presented to this court would have been unsuccessful. Rodriguez has failed to produce any other evidence to show how his defense counsel acted below an objective standard of reasonableness. Accordingly, his claim of ineffective assistance of counsel is meritless.

Third, Rodriguez claims that the district court committed plain error when it incorrectly stated Rodriguez's sentence in its memorandum opinion. In its analysis of Rodriguez's ineffective assistance of counsel claim, the district court mistakenly stated that Rodriguez was sentenced to 235 months imprisonment, instead of 262 months imprisonment. This error, though, does not affect the outcome of Rodriguez's action. He has failed to provide any compelling evidence to satisfy the first prong of the *Strickland* test. Therefore, any error in the district court's analysis of the second prong is inconsequential.

Finally, Rodriguez asserts that his conviction was based on perjured testimony, and he seeks a remand so the district court may address this claim. Rodriguez's claim is based on the testimony of a DEA agent, whose credibility Rodriguez questions, and about whom Rodriguez filed a complaint with the DEA's Office of Professional Responsibility. So far as the record reveals, Rodriguez's complaint is still pending. Because Rodriguez did not raise this claim on direct appeal, it is barred unless he can show cause and prejudice or a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Rodriguez has not asserted cause. The record does not establish that Rodriguez is actually innocent; indeed, his conviction was based on the testimony of several witnesses, not just the testimony of the DEA agent. Accordingly, we find no miscarriage of justice. Because this claim is procedurally barred, we decline to remand to the district court.

We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*